ROADRUNNER INVESTMENTS, INC., Appellant,

v.

TEXAS UTILITIES FUEL COMPANY, Appellee.

No. 18061.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 8, 1979.

Rehearing Denied March 15, 1979.

**152**

Wilbur T. Knape, Bedford, for appellant.

Worsham, Forsythe & Sampels and Daniel W. McAllen, II, Dallas, for appellee.

## OPINION

SPURLOCK, Justice.

Landowner sued Texas Utilities Fuel Company (TUFCO) to permanently enjoin TUFCO from trespassing on its property by operating a natural gas pipe line beneath the land's surface. The landowner claims that TUFCO's condemnation of this land was illegal because TUFCO is not a public utility with the power of eminent domain, and that the property was taken for private rather than public use. The trial court without a jury rendered a judgment denying an injunction from which the landowner appeals.

We affirm.

Roadrunner Investments, Inc. owns real property in Wise County, Texas, part of which was condemned by TUFCO. TUFCO is a Texas corporation and is a wholly owned subsidiary of Texas Utilities Company. TUFCO purchases natural gas, transmits it through its pipe lines, and sells it to Dallas Power and Light, Texas Power and Light, and Texas Electric Service Company. These electric utilities use the natural gas purchased from TUFCO to fuel their boilers in the generation of electricity, which is used by the public. TUFCO does not sell any gas transmitted through the pipe lines under the land in question to the public. The needs of these electric utilities require all the gas piped by TUFCO through the pipe line in question.

Roadrunner sued TUFCO for a permanent injunction and damages claiming that TUFCO was trespassing on its land by operating the pipe line. Roadrunner had also sought to enjoin the condemnation proceeding through which TUFCO acquired the property for its pipe line. The trial court consolidated these cases for trial on only two issues: Whether TUFCO has the power of eminent domain, and whether the land in question is taken for private or public use. The damage portion of the case is still pending. The trial court in denying Roadrunner an injunction found that TUFCO is a gas corporation, gas utility, and gas pipe line corporation having the right and power of eminent domain. It also found the property in question was condemned for public use.

On appeal Roadrunner claims the trial court erred in its judgment because the stipulations in the record conclusively establish that TUFCO is not a utility with right of eminent domain. The stipulations upon which Roadrunner relies are as follows:

"5. Texas Utilities Fuel Company owns a natural gas pipeline system, acquires, stores and delivers fuel gas and oil and provides other fuel services for Dallas Power & Light Company, Texas Electric Service Company and Texas Power & Light Company for the generation of electric energy.

"11. Texas Utilities Fuel Company is the sole owner of all the natural gas transmitted through its Wise-Jack Counties pipeline.

"19. The natural gas transmitted by Texas Utilities Fuel Company through its Wise-Jack Counties Pipeline is not sold at retail to, and is not available for purchase at retail by, any person, firm, or corporation.

"20. Because of the fuel requirements of Texas Electric Service Company, the natural gas transmitted by Texas Utilities Fuel Company through its Wise-Jack Counties pipeline has not been available for use by any person, firm or corporation other than Texas Electric Service Company.

"24. Texas Utilities Fuel Company is not a 'common carrier' within the meaning of Article 6018, Texas Revised Civil Statutes Annotated."

These stipulations reveal that TUFCO does not supply gas directly or indirectly to the general public. Usually a gas utility supplies gas directly to the general public or supplies another utility, which supplies the public with the gas. Here TUFCO supplies gas to utilities that supply electricity rather than gas to the public. Thus the question presented is whether a corporation supplying gas only to a utility which supplies the general public with electricity rather than the gas is a public utility under the applicable statutes governing public utilities in this state.

Articles 1416–1446 * govern public utilities. Articles 1435 * and 1436 * deal specifically with gas utilities. These articles provide as follows:

"Art. 1435   Powers

Gas, electric current and power corporations shall have power to generate, make and manufacture, transport and sell gas, electric current and power to individuals, the public and municipalities for light, heat, power and other purposes, and to make reasonable charges therefor; to construct, maintain and operate power plants and substations and such machinery, apparatus, pipes, poles, wires, devices and arrangements as may be necessary to operate such lines at and between different points in this State; to own, hold and use such lands, right of way, easements, franchises, buildings and structures as may be necessary for the purpose of such corporation.

"Art. 1436   Right of way

Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, right-of-way, easements and property of any person or corporation, and shall have the right to erect its lines over and across any public road, railroad, railroad right-of-way, interurban railroad, street railroad, canal or stream in this State, any street or alley of any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town. Such lines shall be constructed upon suitable poles in the most approved manner, or pipes may be placed under the ground, as the exigencies of the case may require."

Note that neither of these provisions actually define a gas utility or public utility. TUFCO claims that it is a gas utility or public utility as defined in Article 6050–2 *. This and following articles deal with natural gas.

Article 6050 * provides:

"The term 'gas utility' and 'public utility,' or 'utility,' as used in *this* subdivision, means and includes persons, companies and . private corporations, their lessees, trustees, and receivers, owning, managing, operating, leasing or controlling within this State any wells, pipe lines, plant property, equipment, facility, franchise, license, or permit for either one or more of the following kids of business: (Emphasis added.)

"1.   .   .   .

"2. Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of

way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminent domain; or if said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain."

It is Roadrunner's position that because TUFCO is not operating as a public utility in truth and fact it is not a utility under this or any other statute. We agree with Roadrunner that if past condemnations were illegal, though unchallenged, § 2 of Article 6050 * would not apply to make the entity a utility. Certainly a public utility must operate as such in truth and fact to have the power of eminent domain. Note that Article 6050 * and following authorize the Texas Railroad Commission to regulate the entities to which these provisions apply. Included is any natural gas utility with the right of eminent domain. Since none of these articles grant the power of eminent domain, the possibility exists that an entity could be within the Article 6050 * classification and be regulated by the Railroad Commission without having the power of eminent domain. Therefore, although it makes no apparent difference in this case, even if TUFCO is classified as a public utility in Article 6050 *, this alone does not grant the entity the power of eminent domain. Note also that the classification in Article 6050 * is limited to Articles 6050–6065 *.

■ Since classification as a utility under Article 6050 * does not necessarily mean that a utility so classified has the power of eminent domain we must determine whether TUFCO is a utility under Articles 1435–1436 *. We believe that to be a utility under these provisions an entity must devote its private property and resources to public service and allow itself to be publicly regulated through various agencies and commissions.

■ It is our opinion that TUFCO has met these requirements. The Texas Su-

preme Court in *Railroad Commission of Texas v. City of Austin,* 524 S.W.2d 262, 279 (Tex.1975), decided that the Texas Railroad Commission is authorized to allocate TUFCO's gas, "and the gas of all other gas utilities among cities, towns and corporations." Thus the court assumed without deciding that TUFCO is a gas utility. The fact that the Railroad Commission has the authority to allocate TUFCO's gas is indicative that TUFCO operates as a public utility devoting its resources to benefit the public and accepting public regulation.

Roadrunner would have us read Article 1435 * narrowly so as to require TUFCO to sell its gas to the general public. We believe that the word "individuals" in Article 1436 * is not limited to private persons but includes the utilities to which TUFCO sells gas. Note that utilities under Article 1435 * may sell gas for any purpose. Therefore, the article does not require that TUFCO's purchasers sell the gas to the public, but they can use it for any purpose including generating electricity. Therefore, we reject Roadrunner's contention that the stipulations in the record conclusively establish that TUFCO is not a public utility. We hold that TUFCO is a public utility under Article 1435 * and that it possesses the right of eminent domain as conferred by Article 1436 *.

■ Using basically the same reasoning, Roadrunner contends that the property condemned was taken for private rather than public use. It claims that because TUFCO is not piping the gas for distribution to the general public that the use is private rather than public. We do not agree. The record is clear that this gas is used by several electric utilities in the generation of electricity. There is a direct link between the gas transported through the pipe under the condemned property and the electricity that obviously benefits the public. This benefit was recognized by the supreme court in *Railroad Commission of Texas v. City of Austin, supra.* The court noted that TUFCO and its affiliates serve some 323 municipalities and some 4 million people of Texas with gas or electric energy produced by gas.

It is clear that the condemned property was taken for public use.

All of Roadrunner's points of error presented in complaint of the trial court's judgment have been severally considered. Each point of error is overruled. The judgment of the trial court is affirmed.